UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
DEBORAH HAND,

                Plaintiff,

    - against -

NEW YORK CITY TRANSIT AUTHORITY, NYC
DEPARTMENT OF CITYWIDE
ADMINISTRATIVE SERVICES ("DCAS"),

                Defendants.
----------------------------------------------------------X

**MEMORANDUM & ORDER**
11-CV-997 (RRM) (MDG)

ROSLYNN R. MAUSKOPF, United States District Judge.

*Pro se* plaintiff Deborah Hand, formerly employed by the New York City Transit Authority ("NYCTA") as a Console Train Dispatcher until her termination in 1999, filed this action against the NYCTA and the New York City Department of Citywide Administrative Services ("DCAS"), relating to the DCAS's denial of plaintiff's letter application to the DCAS in 2009 for reinstatement to her former position at the NYCTA. Plaintiff alleges unequal terms and conditions of employment, failure to accommodate her disability, retaliatory termination, and discrimination on the basis of disability under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. ("Title VII") and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12112 *et seq*. ("ADA"). (Proposed Second Amended Complaint (Doc. No. 12-1) at 1, 3.) Defendant NYCTA seeks to dismiss plaintiff's Second Amended Complaint under Fed. R. Civ. P. 12(b)(1) and (6). Defendant DCAS, added as a party after plaintiff filed her Second Amended Complaint, seeks to file a pre-answer Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b) by letter to the Court dated October 7, 2011. Plaintiff is granted *in forma pauperis* status for

purposes of the present action. For the reasons set forth herein, all claims against both NYCHA and DCAS are dismissed. Plaintiff's motion to seal certain records is granted in part.

## BACKGROUND

Plaintiff worked as a Console Train Dispatcher at the NYCTA. On March 2, 1999, plaintiff refused to either take a breathalyzer test to determine her blood alcohol level or provided a sufficient urine sample after the NYCTA had reasonable suspicion that plaintiff had used or was under the influence of alcohol while at work. (Application for Medical Reinstatement (Doc. No. 12-1) at 7.) The NYCTA brought disciplinary charges and in a decision dated May 14, 1999 by an Administrative Law Judge, plaintiff was found guilty of refusing to submit to the testing after her employer had reasonable suspicion that she was under the influence of alcohol at work. (*Id*. at 4.) Plaintiff's employment with the NYCTA was terminated effective June 3, 1999. (*Id*.)

Plaintiff had previously brought an action in this Court challenging her dismissal from the NYCTA as retaliatory termination following her complaints of discrimination, in violation of Title VII, 42 U.S.C. § 1983, and state law. In her Opinion & Order dated September 13, 2004, Judge Feuerstein granted summary judgment to the NYCTA and dismissed plaintiff's complaint in its entirety. *See Hand v. New York City Transit Authority*, No. 00-CV-1310 (E.D.N.Y. Sept. 13, 2004). In December 2005, the Second Circuit upheld this Court's grant of summary judgment to defendant NYCTA. *See Hand v. New York City Transit Authority*, 159 Fed. Appx. 282 (2d Cir. 2005).

By letter dated November 5, 2009, plaintiff applied to defendant DCAS for reinstatement to her former position at the NYCTA pursuant to N.Y. Civ. Serv. Law § 73. (*See* November 10, 2009 Letter Response from DCAS, First Amended Complaint (Doc. No. 5) Attachs. at 6.) The DCAS denied plaintiff's application because "her termination was based on misconduct . . . , and

not due to a disability or medical condition." (*See id.*.) On April 6, 2010, plaintiff filed a complaint against the NYCTA with the New York State Division of Human Rights ("State Division"), alleging that the NYCTA discriminated against her on the basis of disability, race, sex, and in retaliation for her complaints. (*See* August 27, 2010 Determination and Order After Investigation, Declaration of Joyce R. Ellman ("Ellman Decl.") Ex. D (Doc. No. 20-4).) After investigation, the State Division determined that there is no probable cause to believe that the NYCTA had engaged in the unlawful discriminatory practices that plaintiff complained of. (*See id*. at 1.) On December 2, 2010, the United States Equal Employment Opportunity Commission ("EEOC") adopted the State Division's findings and issued a Right to Sue letter. (First Am. Compl. Attachs. at 2.)

Plaintiff filed her Complaint in the present action on March 1, 2011 and a First Amended Complaint on April 5, 2011, naming the NYCTA as the sole defendant both times. (*See* Docs. No. 1, 5.) On July 25, 2011, plaintiff requested permission from the Court to amend her Complaint for a second time to include the DCAS as a defendant. (Doc. No. 12.) On August 5, 2011, this Court granted plaintiff leave to do so and on August 15, 2011, plaintiff filed her Second Amended Complaint. (*See* Doc. No. 14.) However, the Second Amended Complaint filed by plaintiff is *not* the same as the one proposed in her July 25 request to amend and includes amendments outside the scope of the leave to amend granted by this Court on August 5,

2011.[1] (*Compare* Proposed Second Am. Compl. (Doc. No. 12-1) *with* Second Am. Compl. (Doc. No. 14).)

The DCAS, added as a defendant after the Court gave plaintiff leave to amend her complaint for the second time, requested a pre-motion conference before the Court by letter dated October 7, 2011 to discuss its intended pre-answer Motion to Dismiss pursuant to Rules 12(b)(4), (5), and (6). (*See* Doc. No. 26.) Defendant DCAS does not appear to have been properly served in this action as no summons with respect to the DCAS has been issued.

## STANDARD OF REVIEW

"A document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008) (internal quotation marks omitted). Accordingly the Court construes plaintiff's Complaint with "special solicitude" and interprets it to raise the strongest arguments it suggests. *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (quoting *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994)).

---

[1] The following amendments in the filed Second Amended Complaint were not included in the version proposed by plaintiff when she sought leave from the Court to amend on July 25, 2011: (1) under Item 4 on page 3, plaintiff checked two additional boxes for "Termination of my employment" and "Other acts (specify):", to which she added "sexually harassment"; (2) under Item 5, plaintiff added "November 10, 2009" as a new date on which alleged discriminatory acts occurred; (3) under Item 7, she added "sexual harassment" after "retaliation" where she is instructed to specify what disability did her employer discriminate against her on the basis of; (4) plaintiff answered Item 11 on page 5, which she had previously left blank, even though it is expressly stated that Item 11 is only for litigants alleging age discrimination, which plaintiff does not; (5) in her typewritten attachment to Item 8 on page 4, plaintiff added an additional paragraph, alleging for the first time that the EEOC "discovered that a Superintendent made inappropriate comments to me in exchange for allowing me my job seniority rights"; (6) under Item 12 on page 5, plaintiff changed the date of when she received the EEOC's Right to Sue letter from December 5, 2010, the date specified on all three previous versions of the Complaint, to December 10, 2010; and (7) roughly sixty pages of additional exhibits. However, plaintiff has not put forth <u>any</u> facts to support a claim of sexual harassment against either defendant, and even if accepted for filing, this version of plaintiff's complaint fails to state a plausible claim.

**LEGAL STANDARDS GOVERNING MOTIONS TO DISMISS**

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint need not contain "'detailed factual allegations,'" but it must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rather, the plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). The determination of whether "a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007)).

"The standard for a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is 'substantively identical' to the 12(b)(6) standard, except that the plaintiff has the burden of establishing jurisdiction in a 12(b)(1) motion." *S & R Dev. Estates, LLC v. Bass*, 588 F. Supp. 2d 452, 460 (S.D.N.Y. 2008); *see Lerner v. Fleet Bank, N.A.*, 318 F.3d 113, 128 (2d Cir. 2003). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citing Fed. R. Civ. P. 12(b)(1)); *see also Oscar*

*Gruss & Son, Inc. v. Hollander*, 337 F.3d 186, 193 (2d Cir. 2003) ("Failure of subject matter jurisdiction, of course, is not waivable and may be raised at any time by a party or by the court *sua sponte*.") In considering a motion to dismiss for lack of subject matter jurisdiction, a district court "must accept as true all material factual allegations in the complaint, but [is] not to draw inferences from the complaint favorable to plaintiffs." *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004) (citation omitted). This Court, however, "may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional issue, but [it] may not rely on conclusory or hearsay statements contained in the affidavits." *Id.* (citations omitted). "The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys. Inc.*, 426 F.3d 635, 638 (2d Cir. 2005).

## DISCUSSION

I. **Plaintiff's Claims Against NYCTA Are Barred by Doctrines of Res Judicata and Collateral Estoppel**

Plaintiff's claims and issues against the NYCTA, by being the subject of prior litigation in this Court and in the Second Circuit, are barred by the doctrines of res judicata and collateral estoppel and require dismissal under Rule 12(b)(6). *See Austin v. Downs, Rachlin & Martin*, 270 Fed. Appx. 52, 53 (2d Cir. 2008) ("When a defendant raises the affirmative defense of res judicata or collateral estoppel 'and it is clear from the face of the complaint . . . that the plaintiff's claims are barred as a matter of law,' dismissal under Fed. R. Civ. P. 12(b)(6) is appropriate.") (quoting *Conopco, Inc. v. Roll Int'l*, 231 F.3d 82, 86-87 (2d Cir. 2000)); *see also Quiroz v. U.S. Bank Nat. Ass'n*, No. 10–CV–2485 (KAM)(JMA), 2011 WL 2471733, at *3 (E.D.N.Y. May 16, 2011).

Under the doctrine of res judicata, or claim preclusion, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 476 (1998) (internal quotation marks and citations omitted); *see also Leather v. Eyck*, 180 F.3d 420, 424 (2d Cir. 1999). In contrast, collateral estoppel, or issue preclusion, "means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated by the same parties in a future lawsuit." *Schiro v. Farley*, 510 U.S. 222, 232 (1994) (internal quotations marks and citation omitted). Due process prohibits the application of collateral estoppel to litigants who never appeared in a prior action and therefore "never had a chance to present their evidence and arguments on the claim." *Blonder–Tongue Labs., Inc. v. Univ. of Illinois Found.*, 402 U.S. 313, 329 (1971). "Under Rule 8(c) of the Federal Rules of Civil Procedure, both are affirmative defenses that must be pleaded by the defendant." *Leather*, 180 F.3d at 424. Defendant NYCTA does indeed plead both. (*See* Def. NYCTA's Mem. Supp. Mot. to Dismiss (Doc. No. 25) at 4-7.)

The Second Circuit, in plaintiff's prior litigation against defendant NYCTA, upheld this Court's grant of summary judgment to the NYCTA on the merits. The Second Circuit held in relevant part:

> Here, the District Court correctly found that under our decision in *Collins v. NYCTA*, 305 F.3d 113 (2d Cir. 2002), Hand failed to present a *prima facie* case. In *Collins* we held that "a decision by an independent tribunal that is not itself subject to a claim of bias will attenuate a plaintiff's proof of the requisite causal link" between her protected activity and her termination. *Id.* at 119. Multiple independent factfinders, including the New York City Civil Service Commission, rejected Hand's claim of wrongful treatment by NYCTA. Because Hand has not overcome the findings that NYCTA fired her largely for arriving at work smelling of alcohol and then refusing to take an alcohol breath test and to provide sufficient urine for testing, she has not presented a *prima facie* case, and the District Court therefore correctly granted summary judgment on her Title VII retaliation claim.

7

> Summary judgment was also appropriate for the state and city claims. *See Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 565 n.1 (2d Cir. 2000) ("Our consideration of claims brought under the state and city human rights laws parallels the analysis used in Title VII claims.").

*Hand v. New York City Transit Authority*, 159 Fed. Appx. at 283-84.

In Judge Feuerstein's Opinion and Order dated September 13, 2004, this Court had dismissed plaintiff's complaint raising claims under Title VII, 42 U.S.C. § 1983, and state law in its entirety. The Court had held in relevant part:

> Two independent and unbiased tribunals ruled that plaintiff's termination was justified. The ALJ conducted a two-day trial at which he heard testimony from six witnesses. In a fifteen- page opinion, the ALJ recommended dismissal finding that: (1) defendant had reasonable suspicion that plaintiff had used or was under the influence of alcohol or controlled substances; (2) plaintiff refused to submit to an alcohol breath test; and (3) plaintiff failed to provide a sufficient amount of urine for testing and therefore refused to comply with the order to submit to fitness testing. … The Civil Service Commission heard oral arguments upon plaintiff's appeal of defendant's determination of dismissal. (Id., exh. 4). Thereafter, the Civil Service Commission issued a five-page decision affirming plaintiff's dismissal since she "intentionally failed to provide a urine sample despite the uncontroverted finding that there was sufficient reason to have her tested … ." (Id.).

(*See* September 13, 2004 Opinion & Order at 4, *Hand v. New York City Transit Authority*, No. 00-CV-1310 (E.D.N.Y.) (Doc. No. 40).)

As "there is no doubt that the earlier litigation and this current litigation arise out of the same transaction or occurrence," the Court grants defendant NYCTA's motion to dismiss pursuant to Rule 12(b)(6) under the doctrine of res judicata. *See Angell v. U.S. Army Corps of Engineers*, 149 Fed. Appx. 34, 36 (2d Cir. 2005) (affirming lower court's grant of Rule 12(b)(6)motion to dismiss on grounds of res judicata). Additionally, because the Second Circuit affirmed this Court's valid and final judgment that plaintiff failed to present a *prima facie* case of retaliation under Title VII by the NYCTA in relation to its 1999 termination of plaintiff's

employment for misconduct, the doctrine of collateral estoppel precludes re-litigation of that same issue by the same parties in the present action. *See Purdy v. Zeldes*, 337 F. 3d 253, 258 (2d Cir. 2003) (affirming district court's grant of summary judgment on the basis of collateral estoppel, which applies when "(1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits.").

## II. Plaintiff's Claims Against DCAS Must Be Dismissed

The Court finds that with respect to defendant DCAS, no pre-motion conference is necessary. As plaintiff is proceeding *in forma pauperis*, the Court reviews plaintiff's claims against DCAS pursuant to 28 U.S.C. 1915A, and construes them to raise the strongest arguments possible. In doing so, plaintiff's claims against DCAS are without merit.

As an initial matter, defendant DCAS has not been issue any summons and therefore has not been properly served in this action. For this reason alone, plaintiff's claims against the DCAS must be dismissed pursuant to Fed. R. Civ. P. 12(b)(4) for insufficient process and to Fed. R. Civ. P. 12(b)(5) for insufficient service of process.

Second, plaintiff failed to name the DCAS as a party in her April 6, 2010 charge with the EEOC through the State Division, a prerequisite for filing claims under Title VII or the ADA in federal court. *See Falso v. Gates Chili Ctr.*, 408 Fed. Appx. 494, 495 (2d Cir. 2011) ("A complainant must file with the EEOC within 180 days after the alleged discriminatory act occurred; if he has already filed the charge with a state or local agency that monitors fair employment practices, he must file his EEOC charge within 300 days of the alleged discriminatory act. In New York, where the New York State Division of Human Rights

('NYSDHR') has authority to remedy employment discrimination, the statute of limitations for filing a charge with the EEOC is 300 days.") (internal quotation marks and citations omitted).

Finally, even if plaintiff had effected proper service upon the DCAS and pursued available administrative remedies, plaintiff's Title VII and ADA claims against the DCAS must still be dismissed under Rule 12(b)(6) for failure to state a claim for relief that is "plausible on its face." *Twombly*, 550 U.S. at 570; *Iqbal*, 129 S. Ct. at 1949. Plaintiff claims that DCAS discriminated against her in refusing to reinstate her to her position with the NYCTA as a result of an application she filed with DCAS on November 5, 2009. However, as is plain from the face of DCAS's response to plaintiff's reinstatement application, annexed to plaintiff's original Complaint (Doc. 1-3 at 10), DCAS did not even accept plaintiff's application, determining that it did not have jurisdiction under law over a request for reinstatement as she was terminated from NYCHA for misconduct, not as a result of a disability or medical condition. Thus, DCAS did not address the merits of plaintiff's reinstatement, and plaintiff has proffered absolutely no facts to suggest that DCAS's assessment of its own jurisdiction was somehow pretextual, or otherwise in violation of plaintiff's rights under the ADA or Title VII. Thus, as to DCAS, plaintiff has failed to allege any plausible claim.

### III. MOTION TO SEAL

Plaintiff has moved to seal certain personal and medical records from public view. (Doc. No. 34.) "[D]ocket sheets enjoy a presumption of openness and that the public and the media possess a qualified First Amendment right to inspect them. Of course, this presumption is rebuttable upon demonstration that suppression is essential to preserve higher values and is narrowly tailored to serve that interest." *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 95 (2d Cir. 2004) (internal quotation marks and citations omitted). Federal law generally treats medical

records as confidential.  *See* Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub. L. 104–191 (1996).

Upon inspection of the referenced documents in plaintiff's motion to seal, the only document for which there is an arguable need for suppression from public view is the Employee Medical History & Physician's Certification Form that plaintiff's physician filled out on September 29, 2009 supporting plaintiff's application for medical reinstatement to the DCAS.  (*See, e.g.*, Application for Medical Reinstatement (Doc. No. 12-1) at 2.)  On the Certification Form, plaintiff's physician discussed sensitive medical information in support of plaintiff's application for medical reinstatement.  (*See id.*)  Thus, plaintiff's motion to seal is granted in part with respect to portions of dockets sheets that include the aforementioned Employee Medical History & Physician's Certification Form.

## **CONCLUSION**

For the reasons stated herein, all claims against all defendants are dismissed.  Plaintiff's motion to seal is granted in part.  The Clerk of Court shall enter judgment accordingly, mail a copy of this Memorandum and Order to plaintiff *pro se*, and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York  
      August 27, 2012

*Roslynn R. Mauskopf*  
_____  
ROSLYNN R. MAUSKOPF  
United States District Judge