UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DEBORAH HAND,

        Plaintiff,

- against -

NEW YORK CITY TRANSIT AUTHORITY, NYC
DEPARTMENT OF CITYWIDE
ADMINISTRATIVE SERVICES ("DCAS"),

        Defendants.
------------------------------------------------------------X

**ORDER**
11-CV-997 (RRM) (MDG)

ROSLYNN R. MAUSKOPF, United States District Judge.

*Pro se* plaintiff Deborah Hand, formerly employed by the New York City Transit Authority ("NYCTA") as a Console Train Dispatcher until her termination in 1999, filed this action against the NYCTA and the New York City Department of Citywide Administrative Services ("DCAS"), relating to the DCAS's denial of plaintiff's letter application to the DCAS in 2009 for reinstatement to her former position at the NYCTA. By Memorandum and Order dated August 27, 2012 (Doc. No. 35),[1] this Court dismissed all of plaintiff's claims, and on August 29, 2012, judgment entered accordingly (Doc. No. 37).

By motion dated September 4, 2012, plaintiff has moved for reconsideration of the Court's order dismissing her claims. (Doc. No. 38.) Defendant opposes in the motion . (Doc. No. 39.) The Court hereby denies plaintiff's motion for reconsideration.

The standard governing motions for reconsideration under E.D.N.Y. Local Civil Rule 6.3 "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might

---

[1] The Memorandum and Order was incorrectly dated as it was actually entered electronically on the docket on August 26, 2012.

1

reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Such a motion is "neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have previously been made." *Associated Press v. U.S. Dep't of Defense*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005). Accordingly, "[c]ourts have repeatedly warned parties that motions for reconsideration should not be made reflexively in order to reargue those issues already considered when a party does not like the way the original motion was resolved." *Families for Freedom v. U.S. Customs & Border Prot.*, No. 10-cv-2705, 2011 U.S. Dist. LEXIS 113143, 2011 WL 4599592, at *2 (S.D.N.Y. Sept. 30, 2011) (internal quotation marks and citation omitted). Generally, district courts will only amend or alter a judgment "to correct a clear error of law or prevent manifest injustice." *In re Assicurazioni Generali, S.P.A.*, 592 F.3d 113, 120 (2d Cir. 2010).

      Here, plaintiff has done nothing more than present the same arguments she did in opposition to the original motion to dismiss. As defendants have noted, plaintiff has presented "no matters or controlling decisions that the Court has overlooked." (Doc. No. 39.) Nor has plaintiff demonstrated any ground for the Court to believe that its failure to reconsider its earlier decision will result in any injustice, let alone manifest injustice.

      As such, plaintiff's motion for reconsideration (Doc. No. 38) is denied. The Clerk of Court is directed to mail a copy of this Order to plaintiff.

      SO ORDERED.

Dated: Brooklyn, New York  
       September 10, 2012

*Roslynn R. Mauskopf*  
_____  
ROSLYNN R. MAUSKOPF  
United States District Judge